UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHAWN DAMEL KUDINGO,<br><br>Plaintiff,<br><br>vs.<br><br>JOE PARISI; LISA BINA,<br><br>Defendants. | 4:24-CV-04085-LLP<br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff, Shawn Damel Kudingo, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Kudingo moves for leave to proceed in forma pauperis. Doc. 2. For the following reasons, Kudingo's motion to proceed in forma pauperis is granted, but his complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(b)(ii).

## FACTUAL BACKGROUND

Kudingo resides in South Dakota. Doc. 1 at 1. He alleges that he was born in the "State of Illinois . . . under the 14th Amendment of the United States Constitution [and] is the beneficiary of the United States Constitution 14th Amendment Public Trust[.]" Doc. 1-1 at 1. Defendant Joe Parisi was elected as the County Executive in Dane County, Wisconsin, and took an oath of office on or about April 20, 2021. *Id.* In his oath of office, Parisi swore to support the Constitution of the United States and to faithfully and impartially discharge the duties of his office to the best of his ability. *Id.* Defendant Lisa Bina is the Director of Dane County Child Support Agency. Doc. 1 at 2.

Although Kudingo alleges that Parisi was not elected until 2021, Kudingo contends that on or about July 2, 2008, Parisi and Bina implemented and established a paternity judgment against Kudingo pursuant to Title 4-D Child Support Case under Chapter 767 of the Wisconsin Statutes. *Id.* at 5; Doc. 1-1 at 1–2. The paternity judgment provided for periods of physical placement with Kudingo, the father. Doc. 1-1 at 1. Kudingo alleges that the paternity judgment deprives him of the "fundamental rights to the upbringing, education, care, custody, and control of his children, and the services and proceeds of his children's labor." *Id.*

On or about October 31, 2022, Parisi and Bina, under authority of the paternity judgment, caused an income withholding for support form to be sent to Kudingo's employer, Harvard Integrations in Tea, South Dakota. *Id.* at 2. The withholding form directed that Kudingo's employer was required by law to deduct $123.46 per week from Kudingo's paycheck until further notice. *Id.*

Parisi and Bina caused a child support modification hearing to take place with a Dane County circuit court commissioner on or about May 15, 2023. *Id.* at 3; Doc. 1 at 5. Following the modification hearing, Kudingo's weekly support payments were increased from $123.46 to $500.00 per week. Doc. 1 at 5; Doc. 1-1 at 3. On or about March 16, 2024, Parisi and Bina, under authority of the paternity judgment, caused an income withholding support form to be sent to Kudingo's employer, Alcom LLC in Sioux Falls, South Dakota. Doc. 1 at 5; Docket 1-1 at 3. The withholding form directed that Kudingo's employer was required by law to deduct $500.00 per week from Kudingo's income until further notice. Doc. 1 at 5; Doc. 1-1 at 3. At the time Kudingo filed his complaint, there was a lien against him in the amount of $126,260.19 because of unpaid child support. Doc. 1-1 at 2.

2

Kudingo contends that he mailed to Bina a Liberty Peace Silver Dollar as payment for the full settlement, satisfaction, and closure of the Dane County Wisconsin child support case. *Id.* at 3. Bina kept the Liberty Peace Silver Dollar, but she has not applied Kudingo's tender of payment to the full settlement, satisfaction, and closure of the case.[1] *Id.*

Kudingo requests that defendants return all money collected from him under the Title 4-D Child Support Case, cease and desist withholding money from him under the Title 4-D Child Support Case, extinguish all liens against him under the Title 4-D Child Support Case, and act in his best interest according to equity. Doc. 1 at 6.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). Kudingo's affidavit indicates that he has no current source of income, has not earned any income in the previous twelve months, and has significant debts. Doc. 2 at 1–2. After reviewing Kudingo's financial affidavit, the Court finds

---

[1] Kudingo alleges that Parisi has not applied his tender of payment for the full settlement, satisfaction, and closure of the child support case, Doc. 1-1 at 3, but Kudingo does not allege when he tendered payment to Parisi, the amount of the payment he tendered, or provide any other factual allegations regarding tender of payment to Parisi. *See generally* Doc. 1-1.

3

that Kudingo has insufficient funds to pay the filing fee. Thus, Kudingo's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     Section 1915(e)(2)(B) Screening

### A.     Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a

4

formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### B. Legal Analysis

#### 1. Domestic Relations Exception to Federal Jurisdiction

The Eighth Circuit Court of Appeals has instructed that when the effect of a remedy in a federal suit is to modify, nullify, or predetermine a ruling in a state domestic proceeding a district court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction. *Wallace v. Wallace*, 736 F.3d 764, 767 (8th Cir. 2013) (citing *Kahn v. Kahn*, 21 F.3d 859, 861–62 (8th Cir. 1994)). In the complaint, Kudingo requests that "Defendants cease and desist withholding money from the Plaintiff under the Title 4-D Child Support Case[, and] [t]hat the Defendants extinguish all liens against Plaintiff under the Title 4-D Child Support Case." Doc. 1 at 6.[2] Because the remedy Kudingo seeks in this action requires this Court to

---

[2] This is the second action Kudingo has filed in the District of South Dakota seeking a determination that child support orders entered in Wisconsin state proceedings are not enforceable. *See Kudingo v. Bina*, 4:23-CV-04093-KES (D.S.D).

5

declare as null and void orders entered in a child support proceeding, this Court lacks subject matter jurisdiction under the domestic relation exception to federal jurisdiction. *See Lammers v. Nebraska*, 2022 WL 716720, at *2 (D. Neb. Mar. 10, 2022) (stating that a federal district court does not have jurisdiction "to entangle itself into issues of state child-support law").

### 2. *Younger* Abstention

Kudingo's pleading do not expressly state whether the orders in the Dane County child support case from which he seeks relief are final. *See generally* Doc. 1, Doc. 1-1. The Court is aware that most child support orders can be modified as long as they remain in effect, but Kudingo has not provided to the Court the specific orders or judgments that he asserts are at issue in this case. But, in this case, whether the child support proceedings are ongoing and the challenged orders are subject to modification or whether the proceedings are complete and the challenged orders are not subject to modification, is not relevant. Regardless, this Court will not interfere with Wisconsin child support proceedings.

In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the United States Supreme Court held that absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions. In *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982), the Supreme Court later extended *Younger* abstention to state noncriminal judicial proceedings. *Younger* abstention is appropriate where the following factors are satisfied: "(1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). If the Wisconsin child support proceedings are ongoing, all three factors are present in this case. First, there is an ongoing Wisconsin child support proceeding. Second, the Wisconsin child support proceeding implicates

important state interests. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the [*Younger*] doctrine."); *Lewis v. Seventh Cir. Ct. – S.D. Unified Jud. Sys.*, 5:18-CV-05071-JLV, 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where federal abstention is particularly appropriate."). Finally, Kudingo does not allege that the Wisconsin rules of civil procedure and appellate procedure do not permit him to raise constitutional challenges. Thus, because all three elements for *Younger* abstention are satisfied, the Court must abstain from exercising jurisdiction over Kudingo's claims and dismiss this action without prejudice. *See Frederick of the Fam. Gonora v. Off. of Child Support Servs.*, 783 F. App'x 250, 252 (3d Cir. 2019) (per curiam) (holding that district court properly applied the *Younger* abstention doctrine when declining to exercise jurisdiction and dismissing civil rights action arising out of ongoing child support proceeding); *Adams v. State of Fla.*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (per curiam) (affirming dismissal under the *Younger* abstention doctrine a § 1983 action seeking to enjoin a civil contempt finding in child support enforcement proceeding).

### 3. *Rooker-Feldman* Doctrine

To the extent any of the child support orders Kudingo challenges can be construed as final, the *Rooker-Feldman* doctrine mandates dismissal of this action. Under the *Rooker-Feldman* doctrine, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) (internal quotation omitted). "The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to

7

undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000). If a constitutional claim presented to the district court is "inextricably intertwined with the state court's denial in a judicial proceeding . . . then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

Federal constitutional claims, like claims under 42 U.S.C. § 1983, are "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001) (quoting *Lemonds*, 222 F.3d at 493). The *Rooker-Feldman* doctrine most often applies in cases where the individual who lost in state court complains in federal court of injuries caused by the state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this action, Kudingo requests that the Court order Defendants to "cease and desist" withholding money from him under a Wisconsin child support order and to extinguish all liens against him arising out of the order. Thus, the relief he seeks requires the Court to declare that the Wisconsin child support order is void. *See* Doc. 1 at 6. His claim is inextricably intertwined with the state court support order and only succeeds if, in fact, the state court order is void. The *Rooker–Feldman* doctrine precludes this Court from declaring the Wisconsin state court order void. *See Cassell v. Cnty. of Ramsey*, 2012 WL 928242, at *4 (D. Minn. Mar. 19, 2012) (holding that the *Rooker-Feldman* doctrine precludes a district court from granting injunctive relief by vacating orders in state court child custody and support proceedings).

### 4. Kudingo's Cease and Desist Notice and Notice of Fault

Kudingo has filed a "Notice Cease and Desist" that is dated June 8, 2024. Doc. 5. In this purported cease and desist notice, which is addressed to Bina, Kudingo asserts that Bina is causing harm, injury, and loss to him by enforcing a Dane County, Wisconsin paternity and support judgment that was entered without his consent. *Id.* The specific facts Kudingo cites in his cease and desist notice are essentially the same as the facts outlined in the statement of claim he filed along with his complaint. *Compare* Doc. 5 at 3–5 *with* Doc. 1-1. Kudingo demands that Bina, within ten (10) days, cease and desist from withholding his wages and all enforcement of the Dane County paternity and support judgment. Doc. 5 at 6. Kudingo also demands that Bina provide evidence that he had consented to the entry of the paternity and support judgment. *Id.* Finally, the cease and desist outlines the alleged ramifications if Bina does not respond to Kudingo's demands within ten days. *Id.* at 6–7. It appears that Bina did not respond to Kudingo's demands as Kudingo filed a "Notice Cease and Desist Notice of Fault." Doc. 7. In this pleading, Kudingo asserts that Bina's failure to respond to his "Notice Cease and Desist" constitutes her "Consent and agreement to all the terms stated in the notice titled '**NOTICE CEASE AND DESIST**' which was mailed to [her] [.]" *Id.* at 4.

The Federal Rules of Civil Procedure do not authorize a plaintiff to serve a cease and desist notice on a defendant in a lawsuit mirroring the allegations in the complaint. In this case, Kudingo's cease and desist notice, Doc. 5, and his notice of fault, Doc. 7, have no legal effect and do not give Kudingo any enforceable rights against Bina or Parisi.

### 5. Purported Settlement Agreement

Liberally construing Kudingo's complaint, he alleges that Bina agreed to the "full settlement, satisfaction and closure" of the Wisconsin child support proceedings because she did

9

not affirmatively reject his offer of one "Liberty Peace Silver Dollar" as payment for the full settlement, satisfaction, and closure of the case. Doc. 1-1 at 3. Settlement agreements entered into while litigation is pending are governed by Wis. Stat. § 807.05. This statute provides that "[n]o agreement . . . between the parties . . . in respect to the proceedings in an action . . . shall be binding unless . . . made in writing and subscribed by the party to be bound thereby or the party's attorney." *Id.* Here, Kudingo has not identified any writing subscribed by Bina or her counsel agreeing to the full settlement, satisfaction, and closure of the Wisconsin child support proceedings in exchange for one "Liberty Peace Silver Dollar." Thus, there is no valid, enforceable settlement agreement under Wisconsin law.[3]

Because Kudingo has not alleged a viable cause of action over which this Court has jurisdiction, his complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is ORDERED:

1. That Kudingo's motion to proceed in forma pauperis (Doc. 2) is granted.

2. That Kudingo's complaint (Doc. 1) is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED October 21, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

---

[3] It is not necessary for the Court to consider whether there is a valid, enforceable agreement under South Dakota law because South Dakota's choice of law rules require application of Wisconsin substantive law. *See* SDCL § 53-1-4 (providing that a contract is to be interpreted according to the law of the place where it is to be performed or law of the place where it is made if the contract does not indicate a place of performance).